RUBIN GREENBERG, Respondent, *v.* WOLF SHINDEL and DAVID SHINDEL, Appellants, ABRAHAM TISIMINETZER, Also Known as ABRAHAM MISMINETZER, Defendant.

(Supreme Court, Appellate Term, April, 1911.)

New trial — Grounds — Misconduct of parties, counsel or witnesses — Misconduct of adverse counsel.

> Where the defendant, in an action for the conversion of certain tools, denies on cross-examination that at the time of the alleged conversion he had any claim against the plaintiff, the latter, upon the theory that defendant had some such claim and sought to satisfy it by summarily seizing plaintiff's goods and was not merely an onlooker at the time of such seizure, is entitled to show that on the day after the tools were seized defendant sued plaintiff to recover a certain sum and, after the proper foundation had been laid, to put in evidence the summons and complaint.

> But where plaintiff, in addition and with deliberate intent to prejudice the jury by bringing to their attention matter known not to be within the issues, put in evidence the entire judgment roll and read to the jury the indorsement thereon of the trial justice that to give judgment in favor of plaintiff in that action would be to give credit to the testimony of a confessed perjurer, defendant's motion for leave to withdraw a juror should have been granted.

> On appeal from the judgment in plaintiff's favor, it will be presumed that his conduct had the effect that it was evidently intended to produce.

APPEALS by the defendants Wolf and David Shindel from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered upon a verdict rendered in favor of the plaintiff.

Adolpf Benevy, for appellant David Shindel.

Alex. Sydney Rosenthal, for appellant Wolf Shindel.

Barnett E. Kopelman, for respondent.

LEHMAN, J. The plaintiff sues for the conversion of the machinery and tools used in his business. The defendants

30

Wolf Shindel and David Shindel claim that they had no direct part in the taking of the goods, but simply stood by while the goods were seized and carried away by one Tisiminetzer, who claimed to be a partner of plaintiff and equally entitled to the possession of the goods. When the defendant David Shindel was on the stand, he denied upon cross-examination that, at the time of the alleged conversion, he had any claim against the plaintiff. It was, apparently, the plaintiff's theory that the defendant Shindel did have a claim and sought to satisfy it by summarily seizing the plaintiff's goods. For this purpose he could show by proper questions that, on the day after the taking of the goods, Shindel started an action in the Municipal Court against the plaintiff for an alleged balance due him of $300 and might, after the proper foundation was laid, introduce in evidence the summons and complaint in that action. The plaintiff, however, went further and introduced the entire judgment roll and *read to the jury* the indorsement by the justice: "To give judgment in this case I must give credit to the testimony of a confessed perjurer. That I am unwilling to do. Judgment for defendant." It is quite evident that the plaintiff's attorney desired to convey to the jury that a judge believed the defendant to be a confessed perjurer. He deliberately attempted to prejudice them by bringing to their attention a matter which he must have known was not within the issues, and it was the duty of the trial justice to grant the motion of the defendant made immediately thereafter for the withdrawal of a juror. Whether or not the jury was actually prejudiced should not be considered by us, but for the purposes of this appeal we should presume that the plaintiff's conduct had exactly the effect that it was evidently intended to produce.

The verdict is also based upon absolutely insufficient evidence of value.

Judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed.